## York *vs.* Davis.

Where there has been a parol partition of fence, executed by the parties, it cannot be revoked, except on application to the fence-viewers. A mere notice to the adjoining owner of a revocation is insufficient.

Where, after such notice, cattle have escaped on to an adjoining close, through defect of the fence of such adjoining owner, and have been taken damage feazant—*Held,* that replevin would lie to reclaim them.

Replevin, for nine cows, impounded by the defendant in the common pound in Middleton.

On trial, it appeared that the plaintiff in 1833 and 1834 occupied a pasture by parole permission of John York, Jr., who held the same by a conveyance from James Goodwin, executed in 1832, and that the defendant owned and occupied a pasture, contiguous to that occupied by the plaintiff, which he purchased of one Norton Scates in 1830.

The plaintiff offered evidence tending to show that Goodwin and Scates, while owners of the closes, agreed by parol on a division of the fence between them, and built and maintained the fence accordingly until they parted with their title and occupation. The court instructed the jury that such agreement not being in writing would not be binding on their grantees or successors in the occupation.

The plaintiff also offered evidence tending to show that Goodwin and Davis affirmed the division after Davis purchased of Scates, and before Goodwin sold to York. The court instructed the jury that the plaintiff could not hold Davis to that agreement, the same not being in writing. Evidence was also offered by the plaintiff to prove that after he and Davis came into occupation of the adjoining premises they agreed on a partition of the fence, in the spring of 1830, and maintained the fence according to this partition.

The defendant offered evidence tending to prove that in the spring of 1834 he expressed his determination not to abide by said agreement, and so notified the plaintiff, and laid up several rods of wall on the part assigned to the plaintiff; but the plaintiff repaired his fence as before. The court instructed the jury that if they found that the plaintiff and defendant, in 1833, agreed on a partition of the fence between them, and each built his part according to the assignment, although it was not in writing it was binding, and one party could not annul the agreement without the consent of the other; and that if the cattle in question escaped into the defendant's close through the insufficiency of the fence assigned to the defendant by this agreement, the plaintiff was entitled to recover.

A verdict was returned for the plaintiff, which the defendant moves to set aside, and that a new trial be granted, on account of the misdirection of court.

*Sawyer & Hobbs, & Bartlett*, for the plaintiff.

*Eastman & Christie*, for the defendant.

Upham, J.   In this case it appears that there was an agreed partition of fence, made and executed by the parties, and that the cattle taken damage feazant escaped from the plaintiff's enclosure through the defendant's portion of the fence on to the defendant's land ; but it is contended that this partition, which was by parol merely, had been previously revoked, and that the plaintiff, under such circumstances, was bound to retain his cattle upon his own land ; and the case turns upon the point whether the evidence offered to show a revocation is sufficient for that purpose or not.

The statute provides, "that where no division of partition fence hath been made, and the persons whose duty it is to make and maintain such fence, cannot agree on a division of the same, the fence-viewers of the town within which such lands are situated may, on application to them, and due notice to the parties, proceed to make such partition." 1 *Laws N. H.* 194.

The statute then recognizes the right of the parties to agree upon a division of fence ; and it is only where they cannot agree, or have not agreed, that the fence-viewers have jurisdiction.   We are of opinion, however, that the agreement contemplated in the statute is an agreement in writing, and that where no such agreement exists in writing, except perhaps in cases of prescription, the fence-viewers have jurisdiction, on application of either of the land holders.

A mere parol agreement by the owners will not preclude the jurisdiction of the fence-viewers.   Where it has been executed, however, by parties, it will remain obligatory upon

them until it is overruled by the action of the fence-viewers. It cannot be revoked by mere notice to the adjoining owner, but either party becoming dissatisfied with any parol partition may supersede it by procuring a partition under the statute. This mode of partition is of higher authority than a mere parol partition, and overrules any partition of that kind previously made.

The evidence offered, then, of a revocation, is insufficient, and the agreed partition remains in force. The cattle broke through the defendant's portion of the fence, which was out of repair through his neglect. The replevin of the cattle was, therefore, rightfully made, the cattle having escaped through no fault of the plaintiff. There must, therefore, be

*Judgment on the verdict for the plaintiff.*