## PAGE *vs.* OLCOTT.

P. and O. were the owners of adjoining farms. The fence between said farms had been duly divided, and a record thereof made. About ten acres, part of P.'s farm, bounded on all sides by other portions of his said farm, was enclosed by a good and sufficient fence. The sheep of O., through the insufficiency of that part of the fence between said farms which P. was bound to repair, escaped from the close of O. into the pasture of P., and thence into said enclosure of P. surrounded by said fence. P. brought trespass against O. for the breaking and entering said ten acre tract, and injuring the crops thereon.—*Held*, that P. was not entitled to maintain the action.

TRESPASS *quare clausum fregit*. The declaration alleged that the defendant, on the 12th day of August, 1841, and on divers other days and times between that day and the day of the purchase of the plaintiff's writ, broke and entered the plaintiff's close, containing about ten acres, bounded on all sides by other parts of the plaintiff's farm, and as the fence runs, &c., and with certain sheep trod down and consumed the plaintiff's crops, &c.

The defendant pleaded the general issue.

The plaintiff introduced evidence to show that the sheep of the defendant broke into the close described in the plaintiff's declaration, at the times alleged, and that said close was surrounded with a good and sufficient fence.

But it appeared that the defendant's farm lay adjoining that of the plaintiff,—that there had been between the former owners of said farms a division of the fence on the line

between them, duly made and recorded,—that the part of said fence which the defendant was bound to maintain was kept in sufficient repair, and that the sheep escaped from the defendant's enclosure into the plaintiff's pasture, through the insufficiency of the fence which the plaintiff was bound to repair, and thence into the lot mentioned in the declaration.

The court below being of opinion that the plaintiff, under these circumstances, was not entitled to maintain this action, a verdict was taken for the defendant, by consent, subject to the opinion of this court upon the foregoing case.

*Handerson*, for the plaintiff, contended that the sheep in this case did not break into the enclosure described in the declaration, through a fence which the plaintiff was bound to keep in repair, as against the defendant, and consequently that the action is well maintained. He cited 1 *N. H. Laws* 196, *sec.* 9, and *Avery* vs. *Maxwell*, 4 *N. H. Rep.* 36.

*Edwards*, for the defendant, argued that division fences are for the benefit of adjoining owners, and are designed to promote the peace of both parties,—that the plaintiff had neglected her statute duty in relation to repairing the division fence between the adjoining lands of the parties, while the defendant had fully performed his duty in that respect, and that the escape of the sheep was wholly through the wrong or fault of the plaintiff. He cited the case of *Rust* vs. *Low*, 6 *Mass. R.* 99.

WOODS, J. In the reported opinion of the court in the case of *Rust* vs. *Low*, 6 *Mass. R.* 99, Mr. Ch. Jus. Parsons cites a case thus: " The case of 36 *H.* 6 is not reported in the Year Books, but there is a short statement of it in *Fitz. Abr. Bar.* 168. It is thus: ' Note that it was adjudged by the court, if my beasts go into the close of another, which is adjoining to my close, for the defect of the close of the other, and further go into another close of the other, that I

shall not be punished because I do not retake them and put them again into my close, until reparation be made of the other close, because they would go again.' That I have given the true translation (says he) appears from *Jenk.*, 4 *Cent. Ca. 5.* The rule, as there laid down, is, if A has *green acre* adjoining to his own close *white acre*, which adjoins to B's close *black acre*, which A ought to fence against, if B's cattle go from his *black acre* to A's *white acre*, and thence to A's *green acre*, this is no trespass, because A did not fence his white acre against B's black acre."

In the case cited, it was in effect decided to be through the default of A in neglecting to fence his close white acre adjoining black acre the close of B, that the cattle of B escaped from his close black acre, and committed the injury complained of, in A's green acre; while it was holden that B was faultless in putting his cattle into his close, and could not be made responsible for the consequences of the negligence of A.

The rule of law stated in the citation from the 4 *Cent. Ca.*, and which would seem to be the same reported in *Fitz. Abr. Bar.* 168, would seem to be a just rule, and one resting upon sound reason. It would be wholly unreasonable to require one to keep his cattle upon his own land, or to hold him responsible for damage done by reason of their escaping into an adjoining close through defect of a fence which it was the duty of the owner of the adjoining close to keep in repair.

To hold such a doctrine would be to hold one person responsible for the wrong of another, and to give that other advantage from his own default, which would be in conflict with the clearest principles of law and reason.

Regarding the doctrine of the case cited from *Fitz. Abr.* and the *Cent. Ca.* as sound law, it is evidently applicable to the case under consideration, and decisive of it. That case clearly decides that the plaintiff can maintain no action under the circumstances of his case, and plainly indicates the rea-

son to be, that it was not the duty of the defendant to make such repairs as would have been necessary to prevent the first aggression, or a repetition of the trespass, and that the escape must be regarded as happening through no fault of the defendant.

The present case finds that the defendant's land adjoined that of the plaintiff; that a division of the fence between the lands of the parties had been duly made and recorded; that the sheep of the defendant escaped from his enclosure into the plaintiff's pasture lands, through the insufficiency of that portion of the fence which the plaintiff was bound to repair, and thence into the *locus in quo.*

We cannot regard the defendant as at all in fault in the matter of the escape of the sheep, or of the injury and loss sustained by the plaintiff. The defendant placed his sheep in his own close, where he had an unquestionable right to place them, and against which the plaintiff, by law and in duty, was bound to keep a good and sufficient fence. That duty, however, was not performed, and by reason of its non-performance the plaintiff suffered damage in her property. The consequences of the neglect cannot be visited upon the party no wise in fault. *York* vs. *Davis*, 11 *N. H. Rep.* 241.

And it cannot alter the case, as was contended by the counsel for the plaintiff, that the *locus in quo* was surrounded by a good and sufficient fence, which the plaintiff was not bound to keep in repair, as against the defendant. In the case cited by Parsons, it must be understood that the close in which the damage was done, was separated from the first mentioned close by a fence; for, otherwise, there could have been but one close. It is true, that the character of the fence around the *locus in quo* in that case is not stated, nor can it be material, upon the principles of that decision. The sheep having escaped from the pasture of the defendant through the default of the plaintiff, as between the parties the damage resulting therefrom must be considered as resulting from the same default. The defendant was deficient in

no duty, and was in no default. The plaintiff's negligence must be regarded as occasioning the damage sustained. It is a fair presumption, which the law will make, that if the plaintiff had performed her duty properly, in repairing her part of the division fence, the sheep would not have escaped from the pasture of the defendant, and the damage complained of would not have been sustained. And it is clear, that while, under the circumstances of the case, the plaintiff is in law to be regarded as having contributed to the result of which complaint is made, she can have no action for the damage sustained, against the defendant, who has not occasioned it either by positive wrongful acts or by any negligence whatsoever.

We are clearly of the opinion, therefore, that the ruling of the court below was correct, and that there must be

*Judgment on the verdict.*